IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROOSEVELT SANDERS, )
                            )
     Petitioner, )
                            )
     v. )  Civ. No. 10-46-SLR
                            )
STEVEN WESLEY, Warden, )
and FEDERAL BUREAU OF )
PRISONS, )
                            )
     Respondents. )

## MEMORANDUM ORDER

At Wilmington this ⁓8ᵗʰ day of April, 2010, having considered petitioner's request for federal habeas relief filed pursuant to 28 U.S.C. § 2241, and the papers submitted therewith;

IT IS ORDERED that petitioner's § 2241 application is **DENIED** for lack of jurisdiction for the reasons set forth below:

1. **Background.**[1] On August 3, 1994, petitioner was arrested in Rock Hill, South Carolina during a traffic stop in which he was found to be in possession of approximately fifty grams of crack cocaine. *Sanders v. United States*, 2002 WL 32078927 (D.S.C. Aug. 1, 2002). Following the return of the indictment, petitioner failed to appear as scheduled before the magistrate judge and was declared a fugitive. Petitioner remained a fugitive until January 19, 1999, when he was arrested in North Carolina on unrelated charges. On September 14, 1999, North Carolina officials turned

---

[1]In addition to decisions found on Westlaw, the court has summarized the procedural background of petitioner's case from the electronic records of the District of South Carolina and the Roanoke Division of the Western District of Virginia.

petitioner over to the United States Marshal.  Petitioner was arraigned on the charges

contained in the indictment and, on December 17, 1999, he pled guilty to count five,

possession with intent to distribute and distribution of a controlled substance.  On April

2, 2001, the United States District Court for the District of South Carolina sentenced

petitioner to a term of imprisonment of one hundred thirty-five months.  Petitioner timely

filed a notice of appeal, which he later withdrew.  *Id.* at *1.

2.  On March 27, 2002, petitioner filed in the District Court of South Carolina a

motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  *Id.*

The § 2255 motion asserted three grounds for relief: defective indictment, failure to

comply with the Interstate Agreement on Detainers Act ("IAD"), and ineffective

assistance of counsel.  The District Court of South Carolina denied all three claims as

meritless, and the Court of Appeals for the Fourth Circuit affirmed that judgment.  *Id.;*

*United States v. Sanders*, 59 Fed. Appx. 599 (4th Cir. Mar. 21, 2003).  Additionally, on

April 24, 2003, the Fourth Circuit denied petitioner's motion for authorization to file a

second or successive § 2255 motion.  *See United States v. Wilson et al.*, Crim. A. No.

94-631-MJP-2, at D.I. 273 (D.S.C. Apr. 24, 2003).  Ignoring the Fourth Circuit's refusal

to grant authorization, petitioner filed another § 2255 motion in June 2003 in the District

Court of South Carolina.  *See Sanders v. United States*, Civ. A. No. 03-2065-MJP, at

D.I. 1.  The District Court of South Carolina denied the motion on September 16, 2003

as second or successive, and the Fourth Circuit dismissed petitioner's  appeal of that

decision.  *Id.* at D.I. 17;  D.I. 34.  Petitioner filed a petition for rehearing and rehearing

en banc, which the Fourth Circuit also denied.  *Id.* at D.I. 35.

2

3. On March 14, 2008, the District Court of South Carolina granted petitioner's motion for the retroactive application of sentencing guidelines to his crack cocaine offense filed pursuant to 18 U.S.C. § 3582. *Wilson*, Crim. A. No. 94-631-MJP-2, at D.I. 292 (D.S.C.). Consequently, his term of imprisonment was reduced from 135 months of imprisonment to 108 months of imprisonment.

4. In January 2009, while incarcerated at the United States Penitentiary in Jonesville, Virginia, petitioner filed in the United States District Court for the Western District of Virginia, Roanoke Division, a § 2241 application seeking credit on his federal sentence for time served in state prison. *Sanders v. Federal Bureau of Prisons*, Civ. A. No. 09-26-GEC, at D.I. 1. The United States District Court for the Western District of Virginia denied the application in June 2009. *Id.* at D.I. 18. An appeal of that decision is currently pending in the Court of Appeals for the Fourth Circuit. *Id.* at D.I. 49; D.I. 50; D.I. 51.

5. On November 2, 2009, petitioner filed in the District Court of South Carolina a motion to dismiss his federal indictment pursuant to the IAD. *Wilson*, Crim. A. No. 94-631-MJP-2, at D.I. 295 (D.S.C.). The District Court of South Carolina denied that motion on January 23, 2010. *Id.* at D.I. 301. In mid-November, 2009, petitioner was transferred to the Plummer Community Correction Center in Wilmington, Delaware to serve the remaining portion of his federal sentence.[2] Petitioner filed the instant § 2241 application in this court on January 11, 2010. (D.I. 1) The § 2241 application asserts

---

[2]According to the application pending in this court, petitioner's federal "statutory release is set for April 24, 2010, and expiration full term date of June 11, 2011." (D.I. 1.)

3

one ground for relief, namely, that the "Government improperly disregarded the process agreement under the Interstate Agreement on Detainers Act to dismiss [the charges in his indictment] with prejudice." (D.I. 1, at p. 14)  Petitioner argues that the writ of habeas corpus ad prosequendum issued by the District Court of South Carolina on September 21, 1999 constituted a written request for temporary custody sufficient to trigger the provisions of the IAD, thereby implicitly alleging that the District Court of South Carolina erroneously denied the IAD claim raised in his first § 2255 motion after determining that the IAD was not triggered in his case. *Id.* at p. 17.

      6. **Standard for summary dismissal.** Federal courts are required to liberally construe pro se filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas application "if it plainly appears from the face of the application, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b), 28 U.S.C. foll. § 2255; *see also* 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall . . . issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the face of the application that the applicant or person detained is not entitled thereto.")

      7. **Jurisdiction.** A motion to vacate, correct, or modify a sentence pursuant to 28 U.S.C. § 2255 is the "usual avenue" for a federal prisoner challenging the legality of his  conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343-44 (1974); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).  A motion filed under § 2255 must be brought before the court that imposed the sentence. *See* 28 U.S.C. § 2255; *Rumsfeld*

*v. Padilla*, 542 U.S. 426, 442-43 (2004). However, a district court lacks jurisdiction to entertain a second or successive § 2255 motion filed without authorization from the appropriate court of appeals. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007); 28 U.S.C. § 2244(a)(a district court is not required "to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge . . . on a prior application for a writ of habeas corpus, except as provided in section 2255."); 28 U.S.C. § 2255(h). A § 2255 motion is classified as second or successive if a prior § 2255 motion, challenging the same conviction and sentence, has been decided on the merits. *See Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000)("a habeas petition filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition").

       8. However, it is well-settled that a federal prisoner must file a habeas request pursuant to 28 U.S.C. § 2241, not § 2255, to challenge the effects of events subsequent to his sentence[3] or the manner in which his sentence is being executed. *See United States v. Addonizio,* 442 U.S. 178, 185-88 (1979); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. )("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence"). Only a district court in the district of confinement has jurisdiction to consider a § 2241 from a federal prisoner. *Padilla*, 542 U.S. at 443.

       9. Notwithstanding the aforementioned distinction between § 2255 and § 2241,

---

   [3]*Gomori v. Arnold,* 533 F.2d 871, 874 (3d Cir. 1976).

§ 2255(e) contains a safety valve permitting resort to § 2241 (a statute without successive motion limitations) in "unusual" and very narrow § 2255 situations, such as where "it appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [petitioner's] detention." *See Dorsainvil*, 119 F.3d at 249). In this circuit, the only clearly articulated "unusual" situation covered by § 2255's safety-valve provision is where a petitioner seeks to challenge his conviction in a second § 2255 motion based on an intervening change in law that renders the crime for which he was convicted non-criminal. *See Okerke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002)(citing *Dorsainvil*, 119 F.3d at 251.) Indeed, the Third Circuit has underscored the narrowness of the safety-valve provision by explaining that

> [s]ection 2255 is not "inadequate or ineffective" merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gate-keeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.

*Cradle v. United States ex rel Miner*, 290 F.3d 536, 539 (3d Cir. 2002).

10. **Discussion**. In the instant proceeding, petitioner contends that he is entitled to habeas relief pursuant to 28 U.S.C. § 2241 because of an IAD violation that allegedly occurred in 1999, prior to his conviction. The court concludes that this argument must be asserted via 28 U.S.C. § 2255, not § 2241. *See United States v. Williams*, 615 F.2d 585, 590 (3d Cir. 1980)(concluding that claim alleging IAD violation is the type of statutory claim cognizable only in a § 2255 proceeding); *Davis*, 417 U.S. at 343; *Dorsainvil*, 119 F.3d at 249.

11. Moreover, in 2002, petitioner filed a prior § 2255 motion in the District Court

6

of South Carolina. Petitioner's prior § 2255 motion asserted the same IAD violation

asserted here, and also challenged the same 1999 conviction and sentence challenged

in this proceeding. The District Court of South Carolina denied petitioner's prior § 2255

motion in its entirety as meritless. Thus, the court concludes that petitioner's instant

habeas request constitutes a second or successive § 2255 motion.[4]

12. Nothing in the record indicates that petitioner has obtained authorization

from the Fourth Circuit to file a successive § 2255 motion. Accordingly, the court lacks

jurisdiction to consider the pending habeas motion. *See* 28 U.S.C. §§ 2244(a),(b)(1)

and 2255(h).

13. Additionally, to the extent petitioner has filed the instant claim under § 2241

in an attempt to benefit from the safety-valve provision of § 2255, his attempt is

unavailing. Unlike the prisoner in *Dorsainvil*, petitioner is not in the "unusual position" of

a prisoner who had no prior opportunity to challenge his conviction for a crime that an

intervening change in substantive law could negate with retroactive application.

*Dorsainvil*, 119 F.3d at 251. Petitioner's IAD claim does not involve an intervening

change in substantive law. Petitioner also had the opportunity to assert this claim in his

direct appeal, and he actually did assert the claim (or a similar IAD claim) in his prior §

2255 motion. And finally, neither the unsuccessfulness of petitioner's prior § 2255

motion, nor the fact that the Court of Appeals for the Fourth Circuit denied his request

---

[4]Even if the IAD violation alleged in the instant proceeding is not identical to the
IAD violation alleged in petitioner's first § 2255 motion, the instant argument is second
or successive because it could have been raised in petitioner's first § 2255 motion. *See
Benchoff v. Colleran*, 404 F.3d 812, 817-18 (3d Cir. 2005)(premised on the "abuse of
the writ doctrine.").

7

to file a second or successive § 2255, demonstrate that the remedy provided under § 2255 is inadequate or ineffective. *See Okerke*, 307 F.3d at 120-21; *see also Cradle*, 290 F.3d at 539. Therefore, the court concludes that petitioner cannot seek relief under § 2241.

14. **Conclusion**. Having determined that petitioner may not proceed under § 2241, and given petitioner's failure to obtain authorization from the Fourth Circuit Court of Appeals to file this successive habeas request,[5] the court summarily dismisses the instant application for lack of jurisdiction.[6] *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

15. The court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2008).

---

[5]*See* 28 U.S.C. § 2244(b)(1)*; Benchoff*, 404 F.3d at 817-18.

[6]Given petitioner's failure to obtain authorization to file a second or successive § 2255 motion from the Court of Appeals for the Fourth Circuit, the court also concludes that it would not be in the interest of justice to transfer the instant habeas request to the District of South Carolina. *See* 28 U.S.C. § 1631.

8

16.  The clerk is directed to close the case.

UNITED STATES DISTRICT JUDGE